IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HANSHOW AMERICA INC. AND HANSHOW TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SES-IMAGOTAG GMBH, <br><br> Defendant. | Civil Action No. 1:22-cv-1345 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1. This is an action for a declaratory judgment of non-infringement of United States Patent Nos. 11,392,916 (the "'916 patent"); 10,679,583 (the "'583 patent"); and 10,755,669 (the "'669 patent") (collectively "the Patents-at-Issue") by Plaintiffs Hanshow America Inc. and Hanshow Technology Co., Ltd. (collectively "Hanshow" or "Plaintiffs") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* SES-IMAGOTAG has recently embarked on a hostile patent assertion campaign against Hanshow in an attempt to accomplish through litigation what it has been unable to accomplish in the market. Hanshow has its own innovative technology and does not infringe SES-IMAGOTAG's patents, and accordingly, a judicial determination of the respective rights of the parties regarding non-infringement of these patents is necessary and appropriate under 28 U.S.C. § 2201.

**The Parties**

2. Plaintiff Hanshow America Inc. ("Hanshow America") is a corporation organized under the laws of New York with its principal place of business at 219 36th Street Box #25 Brooklyn, NY 11232.

3. Plaintiff Hanshow Technology Co., Ltd. ("Hanshow Technology") is a corporation organized under the laws of China with its principal place of business at Floor 4, Building 1 and Floor 7, Building 5, Jiaxing Guangfu Innovation Park, No.1288 Kanghe Road, Xiuzhou District, Jiaxing, Zhejiang Province, China.

4. Hanshow specializes in, among other things, the research and development, production, sales, and service of Electronic Shelf Label devices ("ESL"), including its Stellar Pro series and Nebular series which are sold/used throughout the world, including the United States.

5. Defendant SES-imagotag GmbH ("SES-IMAGOTAG") is an Austrian corporation with its principal place of business at Kalsdorfer Strasse 12, AT-8072 Fernitz-Mellach, Austria. SES-IMAGOTAG and affiliated entities compete with Hanshow throughout the world, including the United States. Upon information and belief, SES-IMAGOTAG is the owner of the Patents-at-Issue.

**Nature of the Action**

6. In this action, Plaintiffs seek a judicial declaration that they do not infringe at least claims 1-11 of the '916 patent, claims 1-16 of the '583 patent, and claims 1-13 of the '669 patent.

7. Plaintiffs seek this relief because SES-IMAGOTAG has taken legal action against Plaintiff Hanshow Technology in Germany alleging that it has infringed EP Patent 3,387,584 B1 (the "EP '584 patent"), which is related to the Patents-at-Issue, by using, selling, and/or offering for sale in Germany certain Electronic Shelf Label devices, and most recently, on or about November 18, 2022, SES-IMAGOTAG sent a letter to Hanshow's potential customers for SEL

products in the United States asserting that it "has initiated litigation actions that will come to light in the next few weeks."

8. The EP '584 patent is based on and claims priority to International Application No.: PCT/EP2015/079193, filed on December 10, 2015, and is in the same patent family as the '916 patent. The EP '584 patent identifies Andreas RÖßL as the inventor. The '583 and '669 patents were filed around the same time as the '916 patent, relate to the same technology as the '916 patent, and name the same inventor as the '916 patent.

9. SES-IMAGOTAG has demonstrated an intent to assert its U.S. patents in the United States. As noted above, SES-IMAGOTAG, or affiliated entities, sent a letter to potential customers of Hanshow in the United States, on or about November 18, 2022, stating that competitors have begun to infringe its intellectual property, and that "SES-imagotag takes these [alleged] violations very seriously and has initiated litigation actions that will come to light in the next few weeks." This letter was sent by SES-IMAGOTAG and was signed by Phillipe Bottine, who is identified as "CEO – North America."

10. As will be further explained below, SES-IMAGOTAG's legal action in Germany against Hanshow Technology and the letters to Plaintiffs' potential customers have placed a cloud over Plaintiffs and Plaintiffs' potential customers concerning the continuing sale or use of Hanshow's ESL products in the United States, and have created a reasonable apprehension of suit, thereby creating an actual and justiciable controversy between Plaintiffs and SES-IMAGOTAG relating to SES-IMAGOTAG's ESL patents in the United States.

## Jurisdiction and Venue

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves claims arising under the patent laws of the United

States, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. Personal jurisdiction and venue are proper in this Court as to SES-IMAGOTAG pursuant to 35 U.S.C. § 293. SES-IMAGOTAG is the current assignee of record of the Patents-at-Issue. SES-IMAGOTAG is an Austrian corporation with its principal place of business in Austria, and has not filed a written designation of an agent in the United States on whom may be served process or notice of proceedings affecting the patent rights of the Patents-at-Issue.

13. Additionally, because SES-IMAGOTAG is a foreign corporation, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Background – The Patents-at-Issue

14. On July 19, 2022, the United States Patent and Trademark Office issued the '916 patent, entitled "Display device for displaying a price and/or product information," identifying Andreas Rössl as the inventor.[1] A true and correct copy of the '916 patent is attached to this Complaint as Exhibit A.

15. On information and belief, SES-IMAGOTAG is the current assignee of the '916 patent.

16. The '916 patent is based on and claims priority to International Application No.: PCT/EP2015/079193, filed on December 10, 2015, and is in the same patent family as the EP '584 patent.

17. As of the filing of this complaint, the '916 patent includes claims 1-11. Of these, claim 1 is independent.

---

[1] Andreas Rössl is listed as Andreas RÖßL on foreign counterparts to each of the Patents-at-Issue. Upon information and belief, these are the same person.

- 4 -

18. On June 9, 2020, the United States Patent and Trademark Office issued the '583 patent, entitled "Display device having a controllable deep-sleep mode," identifying Andreas Rössl as the inventor. A true and correct copy of the '583 patent is attached to this Complaint as Exhibit B.

19. On information and belief, SES-IMAGOTAG is the current assignee of the '583 patent.

20. As of the filing of this complaint, the '583 patent includes claims 1-16. Of these, claim 1 is independent.

21. On August 25, 2020, the United States Patent and Trademark Office issued the '669 patent, entitled "Display device having a controllable processing stage," identifying Andreas Rössl as the inventor. A true and correct copy of the '669 patent is attached to this Complaint as Exhibit C.

22. On information and belief, SES-IMAGOTAG is the current assignee of the '669 patent.

23. As of the filing of this complaint, the '669 patent includes claims 1-13. Of these, claim 1 is independent.

24. Each of the Patents-at-Issue relates to, and purports to claim, technology relating to ESL display devices, and specifically a radio communication function of such display devices.

## Background – SES-IMAGOTAG's German Proceeding

25. On May 9, 2022, SES-IMAGOTAG filed an application for inspection (the "German Application") against Plaintiff Hanshow Technology Co., Ltd. in the Regional Court of Düsseldorf, Germany ("Düsseldorf District Court"). A true and correct copy of the "German Application," along with an English translation thereof, is attached to this Complaint as Exhibit D.

26. In its German Application, SES-IMAGOTAG alleged infringement of the EP '584 patent by Plaintiff Hanshow Technology Co., Ltd. Ex. D, German Appl. at pp. 20-31.

27. Specifically, in the German Application, SES-IMAGOTAG accused certain Hanshow ESL products, specifically the Stellar, Nowa, Lumina Aqua, and Nebular product series (collectively, the "Hanshow Products-at-Issue"), of infringing claim 1 of the EP '584 patent. *Id.* at 15-31.

28. In the German Application, SES-IMAGOTAG alleged that it "is the proprietor of [the EP '584 patent]" *Id.* at p. 7.

29. According to the German Application, SES-IMAGOTAG's allegations of infringement of the EP '584 patent are based on the alleged selling and/or offering for sale of the Hanshow Products-at-Issue. *Id.* at pp. 6-7, 15-31.

30. On May 10, 2022, the Düsseldorf District Court issued an order for the inspection of the Hanshow Products-at-Issue. On May 18, 2022, the Court issued a correction order.

31. On June 1, 2022, an inspection of the Hanshow Products-at-Issue was made by the Düsseldorf District Court-appointed expert at a tradeshow in Europe.

32. On September 19, 2022, the Düsseldorf District Court-appointed expert issued his opinion finding that Hanshow's products did not infringe after reviewing the evidence.

33. On October 17, 2022, Hanshow received the opinion from the Düsseldorf District Court.

### Background – SES-IMAGOTAG's Letters to Customers

34. Upon information and belief, on or about November 18, 2022, SES-IMAGOTAG, through Mr. Philippe Bottine, the CEO of its North America division, sent a letter to Hanshow's potential customers, stating that "SES-imagotag takes [IP infringement] violations very seriously and has initiated litigation actions that will come to light in the next few weeks."

35. Hanshow has sold, and continues to offer for sale and sell, Hanshow ESL products (including the Hanshow Products-at-Issue) in the United States.

36. Hanshow's ESL products (including the Hanshow Products-at-Issue) do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the Patents-at-Issue.

37. SES-IMAGOTAG's allegations that the Hanshow Products-at-Issue infringe the EP '584 patent, and the letter from SES-IMAGOTAG's North America CEO threatening lawsuits for patent infringement, demonstrate an intent by SES-IMAGOTAG to assert its ESL patents against Hanshow's ESL products. Each of the Patents-at-Issue relates to, and purports to claim, technology relating to ESL display devices. Accordingly, a substantial controversy exists concerning the Patents-at-Issue that is of sufficient immediacy and reality to warrant declaratory relief.

**First Cause of Action – Declaratory Judgment of Non-infringement of the '916 Patent**

38. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

39. An immediate, actual, and substantial controversy exists concerning the '916 patent due at least to SES-IMAGOTAG's assertion that Plaintiffs infringe the EP '584 patent, which is the foreign counterpart to the '916 patent, and letters threatening litigation actions to Plaintiffs' potential customers.

40. SES-IMAGOTAG's letters to Plaintiffs' potential customers threatening patent infringement litigation have caused and will continue to cause Plaintiffs irreparable injury and damage.

41. The Hanshow Products-at-Issue did not and do not infringe, whether literally or under the doctrine of equivalents, any valid and enforceable claim of the '916 Patent.

42. For example, and without limitation, the Hanshow Products-at-Issue fail to meet the limitation of "the display device (**2-19**) is configured to process a self-checkout request received from the self-checkout device (**57**) for transmitting the product data set (PD) via the second radio interface (**45**) to the self-checkout device (**57**)," as required by claim 1 of the '916 patent.

43. Further, the Hanshow Products-at-Issue fail to meet the limitation of "the memory stage (50) comprises an availability data set (VD) associated with the product data set (PD) and configured to control the availability of the product data set (PD)," as required by claim 1 of the '916 patent.

44. Furthermore, the Hanshow Products-at-Issue fail to meet the limitation of "the display device (**2-19**) is configured to check the availability data set (VD) when processing of the self-checkout request and only transmit the product data set (PD) when the product is available," as required by claim 1 of the '916 patent.

45. Accordingly, the Hanshow Products-at-Issue do not literally meet all limitations present in independent claim 1 of the '916 patent.

46. The Hanshow Products-at-Issue also do not meet the above-referenced limitations under the doctrine of equivalents because there are substantial differences between the Hanshow Products-at-Issue and the referenced limitations, and no component in the Hanshow Products-at-Issue performs substantially the same function, in substantially the same way, to achieve substantially the same result.

47. Accordingly, for at least the above reasons, Plaintiffs do not infringe any claims of the '916 patent under 35 U.S.C. § 271(a) or (g).

48. Hanshow has not actively encouraged or induced others to infringe the '916 patent with knowledge that such acts will lead to infringement. Hanshow therefore does not infringe the '916 patent under 35 U.S.C. § 271(b).

49. Moreover, as shown in this Complaint, Hanshow has a good-faith belief of non-infringement. Therefore, for this additional reason, Hanshow does not infringe the '916 patent under 35 U.S.C. § 271(b).

50. Hanshow likewise does not contributorily infringe the '916 patent under 35 U.S.C. § 271(c).

51. Because the Hanshow Products-at-Issue do not meet each limitation of independent claim 1 of the '916 patent, Plaintiffs' products do not infringe, directly or indirectly, this claim, either literally or under the doctrine of equivalents.

52. Because the Hanshow Products-at-Issue do not infringe independent claim 1 of the '916 patent, they also do not infringe dependent claims 2-11 of the '916 patent, either literally or under the doctrine of equivalents.

53. Accordingly, Plaintiffs seek and are entitled to a declaratory judgment that the use, sale, and offer for sale of the Hanshow Products-at-Issue do not infringe claims 1-11 of the '916 patent. A judicial determination of the respective rights of the parties regarding non-infringement of these patent claims is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding infringement of the '916 patent.

**Second Cause of Action – Declaratory Judgment of Non-infringement of the '583 Patent**

54. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

55. An immediate, actual, and substantial controversy exists concerning the '583 patent due at least to SES-IMAGOTAG's assertion that Plaintiffs' Products-at-Issue infringe the

EP '584 patent, which is related to the radio communication function of the Products-at-Issue, and letters threatening litigation actions to Plaintiffs' potential customers.

56. SES-IMAGOTAG's letters to Plaintiffs' potential customers threatening patent infringement litigation have caused and will continue to cause Plaintiffs irreparable injury and damage.

57. The Hanshow Products-at-Issue did not and do not infringe, whether literally or under the doctrine of equivalents, any valid and enforceable claim of the '583 Patent.

58. For example, and without limitation, the Hanshow Products-at-Issue fail to meet the limitation that "a second radio interface, which is connected to the processing stage and is designed for contactless communication in accordance with an RFID-specification of an NFC-specification protocol with a communication device different from the base station, to start the readiness of the processing stage to receive data via the first radio interference for a delivery state and a storage state of the display device," as required by claim 1 of the '583 patent.

59. Further, the Hanshow Products-at-Issue fail to meet the limitation that "the processing stage is not ready to receive data by means of the first radio interface in the storage state and by contrast with the delivery state, the display device now already has a network key for communication with the base station, wherein the network key was received via said second radio interface and stored prior to entry into the storage stage," as required by claim 1 of the '583 patent.

60. Furthermore, the Hanshow Products-at-Issue fail to meet the limitation that "the presence of the storage state is ascertained with the aid of a value in a storage, such that correct steps can be taken for continued operation after a renewed activation," as required by claim 1 of the '583 patent.

61. Accordingly, the Hanshow Products-at-Issue do not literally meet all limitations present in independent claim 1 of the '583 patent.

62. The Hanshow Products-at-Issue also do not meet the above-referenced limitations under the doctrine of equivalents because there are substantial differences between the Hanshow Products-at-Issue and the referenced limitations, and no component in the Hanshow Products-at-Issue performs substantially the same function, in substantially the same way, to achieve substantially the same result.

63. Accordingly, for at least the above reasons, Plaintiffs do not infringe any claims of the '583 patent under 35 U.S.C. § 271(a) or (g).

64. Hanshow has not actively encouraged or induced others to infringe the '583 patent with knowledge that such acts will lead to infringement. Hanshow therefore does not infringe the '583 patent under 35 U.S.C. § 271(b).

65. Moreover, as shown in this Complaint, Hanshow has a good-faith belief of non-infringement. Therefore, for this additional reason, Hanshow does not infringe the '583 patent under 35 U.S.C. § 271(b).

66. Hanshow likewise does not contributorily infringe the '583 patent under 35 U.S.C. § 271(c).

67. Because the Hanshow Products-at-Issue do not meet each limitation of independent claim 1 of the '583 patent, Plaintiffs' products do not infringe, directly or indirectly, claim 1 of the '583 patent, either literally or under the doctrine of equivalents.

68. Because the Hanshow Products-at-Issue do not infringe independent claim 1 of the '583 patent, they also do not infringe dependent claims 2-16 of the '583 patent, either literally or under the doctrine of equivalents.

69. Accordingly, Plaintiffs seek and are entitled to a declaratory judgment that the use, sale, and offer for sale of Plaintiffs' products do not infringe claims 1-16 of the '583 patent. A judicial determination of the respective rights of the parties regarding non-infringement of these patent claims is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding infringement of the '583 patent.

**Third Cause of Action – Declaratory Judgment of Non-infringement of the '669 Patent**

70. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

71. An immediate, actual, and substantial controversy exists concerning the '669 patent due at least to SES-IMAGOTAG's assertion that Plaintiffs' Products-at-Issue infringe the EP '584 patent, which is related to the radio communication function of the Products-at-Issue, and letters threatening litigation actions to Plaintiffs' potential customers.

72. SES-IMAGOTAG's letters to Plaintiffs' potential customers threatening patent infringement litigation have caused and will continue to cause Plaintiffs irreparable injury and damage.

73. The Hanshow Products-at-Issue did not and do not infringe, whether literally or under the doctrine of equivalents, any valid and enforceable claim of the '669 Patent.

74. For example, and without limitation, the Hanshow Products-at-Issue fail to meet the limitation that "the processing state (**31**) is configured to assume a deliver state without readiness to receive data via the first radio interface (**44**), wherein in the delivery state the processing stage can in fact not switch by itself to the active state, and the display device (**2-19**), with the help of the additional interface (**45**), is configured to start for the first time the readiness

to receive of the processing stage (**31**) for receiving data via the first radio interface (**44**)," as required by claim 1 of the '669 patent.

75. Further, the Hanshow Products-at-Issue fail to meet the limitation that "the processing stage (**31**), before or after the first-time start of the readiness to receive thereof, is configured to receive a network key via the additional interface (**45**) for the purpose of communicating with the base station (**25**, **26**), and, after reception of the network key, is configured to assume a connection setup state for the purpose of setting up a radio connection with the base station (**25**, **26**) using the network key via the first radio interface (**44**)," as required by claim 1 of the '669 patent.

76. Accordingly, the Hanshow Products-at-Issue do not literally meet each and every limitation present in independent claim 1 of the '669 patent.

77. On information and belief, the Hanshow Products-at-Issue also do not meet the above-referenced limitations under the doctrine of equivalents because there are substantial differences between the Hanshow Products-at-Issue and the referenced limitations, and no component in the Hanshow Products-at-Issue performs substantially the same function, in substantially the same way, to achieve substantially the same result.

78. Accordingly, for at least the above reasons, Plaintiffs do not infringe any claims of the '669 patent under 35 U.S.C. § 271(a) or (g).

79. Hanshow has not actively encouraged or induced others to infringe the '669 patent with knowledge that such acts will lead to infringement. Hanshow therefore does not infringe the '669 patent under 35 U.S.C. § 271(b).

80. Moreover, as shown in this Complaint, Hanshow has a good-faith belief of non-infringement. Therefore, for this additional reason, Hanshow does not infringe the '669 patent under 35 U.S.C. § 271(b).

81. Hanshow likewise does not contributorily infringe the '669 patent under 35 U.S.C. § 271(c).

82. Because the Hanshow Products-at-Issue do not meet each limitation of independent claim 1 of the '669 patent, Plaintiffs' products do not infringe, directly or indirectly, these claims, either literally or under the doctrine of equivalents.

83. Because the Hanshow Products-at-Issue do not infringe independent claim 1 of the '669 patent, they also do not infringe dependent claims 2-13 of the '669 patent, either literally or under the doctrine of equivalents.

84. Accordingly, Plaintiffs seek and are entitled to a declaratory judgment that the use, sale, and offer for sale of Plaintiffs' products do not infringe claims 1-13 of the '669 patent. A judicial determination of the respective rights of the parties regarding non-infringement of these patent claims is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding infringement of the '669 patent.

## Reservation of Rights

85. The allegations raised here are exemplary, not exhaustive. Plaintiffs reserve the right to raise additional grounds of non-infringement for each of the asserted patents and to propose constructions for any term of any asserted claim of those patents.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for the following relief:

(A)  a declaratory judgment that the Hanshow Products-at-Issue do not infringe, directly or indirectly, literally or under the doctrine of equivalents, claims 1-11 of

the '916 patent, claims 1-16 of the '583 patent, and claims 1-13 of the '669 patent;

(B) an injunction barring SES-IMAGOTAG from asserting or threatening Plaintiffs, their customers or distributors, or their potential customers or distributors with infringement of the Patents-at-Issue;

(C) a declaration that this action is an exceptional case under 35 U.S.C. § 285;

(D) an award to Plaintiffs of their attorneys' fees and costs incurred in this Action; and

(E) a grant of any other relief that this Court deems just and proper.

## Jury Trial Demanded

Plaintiffs hereby demand a trial by jury.

Dated on this 23rd day of November, 2022.        Respectfully submitted,

*/s/ Gary M. Hnath*
Gary M. Hnath (VA Bar No. 33953)
Clark S. Bakewell (*Pro Hac Vice* application to be sought)
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C. 200006
Phone: 202-263-3040 (Hnath)
Fax: 202-263-5323
Email: Ghnath@mayerbrown.com
Email : Cbakewell@mayerbrown.com

Hao Tan (*Pro Hac Vice* application to be sought)
Shen Wang (*Pro Hac Vice* application to be sought)
Christopher Fahy (*Pro Hac Vice* application to be sought)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Email: HaoTan@archlakelaw.com
Email: ShenWang@archlakelaw.com
Email: Christopher@archlakelaw.com

*Attorneys for Plaintiffs HANSHOW AMERICA INC. and HANSHOW TECHNOLOGY CO., LTD.*